UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Angelena Raiford,<br><br>                              Plaintiff,<br><br>       v.<br><br>Olympia School District No. 111,<br><br>                              Defendant. | Case No. 3:23-cv-05661-TLF<br><br>ORDER ON OLYMPIA SCHOOL DISTRICT NO. 111'S MOTION TO PRECLUDE PLAINTIFF FROM RELITIGATING FACTS |

Before the Court is the Defendant's motion for the Court to consider certain findings of fact made by the state administrative tribunal should be given preclusive effect. Olympia School District No. 111 ("OSD") asks the Court to give preclusive effect to the Findings of Fact and Credibility Determinations in the February 16, 2024, Findings Of Fact, Conclusions Of Law, And Final Order by Administrative Law Judge ("ALJ") Courtney Beebe in Ms. Raiford's Due Process hearing. Dkt. 28.

Plaintiff Angelena Raiford names OSD as the sole defendant. Her mother, My Lea Holloway was dismissed as a Plaintiff by the Court on December 9, 2024. Dkt. 41.

The complaint alleges that OSD violated the Individuals with Disabilities Education Act ("IDEA") by denying Ms. Raiford a free, appropriate public education; she asserts OSD failed to provide Ms. Raiford with instruction in reading and writing in Braille, failed to adequately implement orientation and mobility services, and failed to provide Ms. Raiford with adequate counseling/mental health/psychological services.

Dkt. 1 at ¶40-49. Ms. Raiford also alleges, under 42 U.S.C. §1983, and to the extent that certain federal statutes have a private right of action, or the statutes allow Plaintiff to sue directly under the statute, that OSD failed to reasonably accommodate her and discriminated against her on the basis of her disabilities in violation of the Americans with Disability Act ("ADA"), Section 504 of the Rehabilitation Act, Fourteenth Amendment of the Constitution and Title VI of the Civil Rights Act. *Id.* ¶50-69.

Having considered the pending motion and all materials filed in support and in opposition (Dkt. 32), as well as the rest of the record, the Court denies OSD's motion. OSD seems to be requesting a protective order, yet there is no evidence that OSD has received discovery requests for which it has made appropriate objections. Nor does it appear OSD is making a motion to compel — there is no reference to propounded, unanswered interrogatories, or Requests for Admission, under Fed. R. Civ. P. 36, asking Plaintiff to admit the preclusive effect of facts determined during the administrative adjudication "for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either;. . ."

The Defendant apparently is moving the Court to apply collateral estoppel to all factual issues decided by an ALJ presiding over an administrative hearing for the Washington State Office of Administrative Hearings, on behalf of the Office of the Superintendent of Public Instruction, without the context of a discovery motion, or motion for summary judgment, or a motion in limine in preparation for trial.

Even if the Court were inclined to review collateral estoppel in the abstract, the Defendant has not fully addressed each of the three criteria required for this Court to

evaluate whether the state agency has conducted its administrative proceeding "with sufficient safeguards to be equated with a state court judgment." *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1154 (9th Cir. 2024) (quoting *Plaine v. McCabe,* 797 F.2d 713, 719 (9th Cir. 1986). The United States Court of Appeals for the Ninth Circuit has held that federal courts should not give preclusive effect if a state administrative agency lacks jurisdiction to consider particular claims. *Id.* On the existing record, the Court lacks sufficient information to assess the adequacy of the administrative review process; for example, the record provided by Defendant is only an ALJ decision, with no transcripts or other administrative records of the ALJ hearing. Dkt. 29 at Exhibit A. The Plaintiff asserts in a declaration of Ms. Holloway, that the ALJ acknowledged there was no jurisdiction to decide anything except the IDEA claim. Dkt. 34, Declaration of Mylea Holloway, at 2-3.

Therefore, the Defendant's motion is denied without prejudice because the Court does not have enough information to decide whether collateral estoppel would apply to any specific claim, and because the motion is made in the abstract and therefore does not comply with Fed. R. Civ. P. 26(c), or Fed. R. Civ. P. 56(c)(1).

FACTUAL BACKGROUND

The parties agree (Dkt. 28, Defendant's motion, Dkt. 32, Plaintiff's response) that on January 4, 2021, Ms. Raiford and Ms. Holloway requested an administrative Due Process hearing concerning harm that Plaintiff alleged was caused by acts and omissions of OSD and alleged violations of the IDEA. The Plaintiff asserts the administrative hearing was requested by Ms. Raiford and Ms. Holloway to address

1   whether the OSD "failed to offer Raiford an IEP that adequately considered her specific

2   situation and needs". Dkt. 32 at 2.

3       Plaintiff states the ALJ did not make any findings of fact or conclusions of law on

4   claims under the Rehabilitation Act Section 504, the Americans with Disabilities Act, or

5   civil rights violations, because those claims were outside the jurisdiction of the

6   administrative tribunal. Dkt. 34, Declaration of Mylea Holloway, at 2-3. Plaintiff also

7   asserts: "Raiford faced numerous procedural obstacles, including delays due to over 40

8   pre-hearing conferences, changes in presiding judges, and the last minute withdrawal of

9   Raiford's attorney after the hearing began. Moreover, Raiford turned eighteen years old

10  during the process which led to Holloway being removed as a party, requiring Raiford,

11  with her severe disabilities, navigate the complex process without adequate

12  representation." Dkt. 32 at 3, citing Dkt. 34, Holloway Decl.

13      The Washington State Office of Administrative Hearings, on behalf of the Office

14  of the Superintendent of Public Instruction, held a hearing on May 30, May 31, June 1,

15  June 27, June 28, June 29, November 16, and November 17, 2023. Dkt. 29, Ex. A. The

16  ALJ's 55-page order was issued on February 16, 2024. *See* Dkt. 29 at Exhibit A. The

17  order included 86 Findings of Fact (*Id.* at 1-34) and 29 Credibility Findings (*Id.* at 34-41).

18  The ALJ found in favor of OSD on the IDEA issues raised by Ms. Raiford and denied

19  Ms. Raiford's requests for relief. *Id.* at 59.

20      The ALJ determined that the period at issue in the administrative hearing was

21  January 4, 2019 through June 6, 2019. Dkt. 29, Ex. A, at 38. The ALJ explained that

22  "OAH has jurisdiction over the parties and subject matter of this action for the

23  Superintendent of Public instruction as authorized by 20 United States Code (USC) §

24

25  ORDER ON OLYMPIA SCHOOL DISTRICT NO. 111'S
    MOTION TO PRECLUDE PLAINTIFF FROM
    RELITIGATING FACTS - 4

1    1400 et seq., the IDEA, Chapter 28A.155 Revised code of Washington (RCW), Chapter

2    34.05 RCW, Chapter 34.12 RCW, and the regulations promulgated thereunder,

3    including 34 Code of Federal regulations (CFR) Part 300, and Chapter 392-172A

4    Washington Administrative Code (WAC)." Dkt. 29, Ex. A, at 41.

5                                              DISCUSSION

6            OSD argues Ms. Raiford should be prohibited from relitigating the ALJ's Findings

7    of Fact #1-86 and Credibility Findings #1-29 in the Due Process hearing[1]. It maintains

8    the doctrine of collateral estoppel applies, and this Court should give the state agency's

9    decision preclusive effect on the factual issues it addressed in the IDEA order.

10           Ms. Raiford, in response, argues that because the ALJ and the Office of the

11   Superintendent of Public Instruction did not have jurisdiction to decide some claims she

12   now raises in her Complaint (i.e., 42 U.S.C. § 1983, Fourteenth Amendment, Title XI,

13   Rehabilitation Act, and ADA), she should not be precluded from litigating the facts

14   related to those claims in this Court. Dkt. 32 at 10. She also asserts that she confronted

15   procedural hurdles and inadequate representation in the administrative hearing process.

16   Dkt. 32 at 3. And she asserts that because the administrative action for the claims under

17   the IDEA was statutorily required for exhaustion of remedies before filing a federal court

18   action under the IDEA, and the only relief available at the administrative level is for the

19   substantive right to a free appropriate public education, there is no preclusive effect with

20   respect to the federal court litigation. Dkt. 32 at 11-12.

---

[1] Given the length of these findings, the Court will not recite them in this order, and instead refers to the ALJ's order.

ORDER ON OLYMPIA SCHOOL DISTRICT NO. 111'S
MOTION TO PRECLUDE PLAINTIFF FROM
RELITIGATING FACTS - 5

To decide whether a state agency decision will have preclusive effect, the threshold inquiry is whether the state agency has conducted its administrative proceeding "with sufficient safeguards to be equated with a state court judgment." *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1154 (9th Cir. 2024) (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 (9th Cir. 1986). When evaluating whether the state agency adjudication rises to this level, the Court considers requirements of fairness outlined in *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422 (1966). *Miller v. Cnty. of Santa Cruz,* 39 F.3d 1030, 1032 (9th Cir. 1994).

The fairness requirements are: (1) whether the administrative agency acted in a judicial capacity; (2) whether the agency resolved disputed issues of fact that were properly before it; and (3) whether the parties' opportunity to litigate in the administrative tribunal was adequate. *Miller*, at 1033. The federal court does not analyze the state law of collateral estoppel until the Court decides the threshold inquiry of whether the procedural safeguards were sufficient. *Jamgotchian v. Ferraro*, at 1154-1155.

If a state administrative agency lacks jurisdiction to consider particular claims, then the federal court will deny preclusive effect as to those claims. *Id.*; *Miller v. Cnty. of Santa Cruz,* 39 F.3d 1030, 1038 (9th Cir. 1994). The exhaustion requirement of the IDEA does not apply to claims where relief sought in federal court is unavailable under the IDEA. *Perez v. Sturgis Public Schools,* 143 S.Ct. 859 (2023).

The Court denies the Defendant's motion because the record is insufficient for the Court to evaluate whether the administrative tribunal that handled the hearing on behalf of the Washington State Office of the Superintendent of Public Instruction conducted the process in Plaintiff's case with "safeguards to be equated with a state

court judgment." *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1154-1155 (9th Cir. 2024); *Miller v. Cnty. of Santa Cruz,* 39 F.3d 1030, 1038 (9th Cir. 1994). For the Court to consider the fairness requirements, the Court needs to review: (1) whether the administrative agency acted in a judicial capacity; (2) whether the agency resolved disputed issues of fact that were properly before it; and (3) whether the parties' opportunity to litigate in the administrative tribunal was adequate. *Miller*, at 1033.

To perform this review as required by Ninth Circuit precedent in *Jamgotchian*, and *Miller*, the Court would need to consider the full record of proceedings of the administrative tribunal, and the party making the motion would need to show the state administrative tribunal met the three-part requirement of safeguards to be equated with a state court judgment. Only after the threshold inquiry, if the Court decides that the administrative process provided safeguards that meet the three-part fairness requirements, then the Court would review state law of collateral estoppel and determine whether collateral estoppel would apply to specific facts relating to claims raised in Plaintiff's complaint.

Here, is unclear whether the ALJ had, or did not have, jurisdiction to decide each of the claims now raised in federal court. *See Perez v. Sturgis Public Schools,* 143 S.Ct. 859, 864-865 (2023); *Hawai'i Disability Rights Center v. Kishimoto,* 122 F.4th 353, 363-371 (9th Cir. 2024); *Jamgotchian v. Ferraro*. Because the record is insufficient, the Court cannot make any ruling on whether the three-part fairness requirements are met, and if so, whether collateral estoppel should be applied.

CONCLUSION

For the reasons discussed above, OSD's motion to preclude Ms. Raiford from relitigating Findings of Fact #1-86 and the incorporated Credibility Findings #1-29 of the ALJ's order is DENIED without prejudice.


Dated this 30th day of December, 2024.



Theresa L. Fricke
United States Magistrate Judge