Rule 17 sets forth examples of representatives who may sue or defend on behalf of an incompetent person, such as a general guardian, a committee, a conservator, or a like fiduciary. Fed. R. Civ. P. 17(c)(1). Although the Court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986) (footnote omitted) (citing *Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir. 1958)). *See also Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) ("As a general matter, the decision whether to appoint a guardian ad litem is normally left to the sound discretion of the trial court.") (internal quotation marks and citation omitted).

At this juncture, neither Plaintiff, nor her mother Ms. Holloway, have presented the Court with a written request or shown that Ms. Holloway is qualified to represent Ms. Raiford under Rule 17(c)(1) as next friend or guardian ad litem under Rule 17(c)(2). Other than Ms. Holloway's statements during the discovery call on January 30, the Court does not have any documentation to show what, if any, current mental health symptoms or limitations may be causing Plaintiff to have difficulty participating in this litigation.

For Ms. Holloway to have standing to act as "next friend" to her daughter, she would have to show: (1) Ms. Raiford is unable to litigate her own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) Ms. Holloway has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). As the

ORDER - 2

Court informed the parties, the Court cannot accept Ms. Holloway as a next friend or guardian ad litem without a proper motion before the Court. It is not sufficient for the Court to grant Ms. Holloway's to request to be her daughter's next friend from the information provided on the discovery call alone.

Finally, because at this point it is unclear if there is a Plaintiff that has capacity to litigate and has standing in this case, the Court is going to DENY Defendant's motion for reconsideration (Dkt. 46), motion for pretrial conference (Dkt. 52) and motion for protective order (Dkt. 50) without prejudice. The Court has stricken the case scheduling order. Dkt. 55. The Court will, however, schedule a status conference to discuss appropriate options and next steps regarding Ms. Raiford's status as the Plaintiff in this matter. The Court is proposing that Ms. Raiford should participate in this status conference, if she is able to, in order to move the litigation forward.

The parties are ORDERED to meet and confer, within the next 30 days, regarding a date that they will be available to participate in a hearing, to be conducted in person (not by remote means). The Clerk of Court is directed to contact the parties on or after March 10, 2025 and schedule the status conference.

//

//

//

//

//

//

ORDER - 3

If Ms. Raiford seeks assistance from the Court to locate counsel to represent Ms. Raiford in this litigation pro bono, Ms. Raiford must file a motion for appointment of counsel[2]. It is important to note that if Ms. Raiford does move for appointment of counsel, and that motion is granted, the Court cannot guarantee that an attorney will take this case.

Dated this 4th day of February, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

---

[2] [Microsoft Word - New Pro Se Manual 10_19_2015 (uscourts.gov)](Microsoft Word - New Pro Se Manual 10_19_2015 (uscourts.gov))

ORDER - 4