UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Angelena Raiford,

                Plaintiff,

v.

Olympia School District No. 111

                Defendant.

Case No. 3:23-cv-05661-TLF

ORDER ON RECUSAL

This matter comes before the Court on Mylea Holloway's motion to "remove the Magistrate Judge." Dkt. 64[1].The Court previously granted the defendant's motion to dismiss the claim raised by Ms. Holloway; she is no longer a party in this matter. This motion was signed by Ms. Holloway and not her daughter and sole Plaintiff in the case, Angelena Raiford. While Ms. Holloway was a party to the case when the case began, she was dismissed by the Court as a plaintiff on December 9, 2024. Dkt. 41.

The Court interprets this as a motion requesting Magistrate Judge Theresa L. Fricke to recuse herself from this case. Ms. Holloway states Judge Fricke's "actions have demonstrated bias and disregard for procedural safeguards, necessitating reassignment to a District Court Judge." Dkt. 64 at 5.

---

[1] In the same motion, Ms. Holloway also asks the Court to reconsider its order dismissing her as a party to the case. Because she challenges the impartiality and jurisdiction of the Magistrate Judge, any ruling on the merits of the motion for reconsideration is put on hold, pending the outcome of the motion to remove the Magistrate Judge.

ORDER ON RECUSAL - 1

Ms. Holloway brings this motion as the "primary guardian and sole advocate" for her daughter. Dkt. 64. Ms. Holloway has moved to be appointed as Ms. Raiford's next friend. Dkt. 67. This motion is pending before the Court and is not ripe for consideration until March 28, 2025. The Court has previously explained to Ms. Holloway until it is shown that she is qualified to represent Ms. Raiford under Federal Rule of Civil Procedure 17(c)(1) as next friend or guardian ad litem under Federal Rule of Civil Procedure Rule 17(c)(2), she cannot participate in this case. Dkt. 57.

Ms. Holloway states Ms. Raiford, and Ms. Holloway, did not consent to the jurisdiction of the Magistrate Judge. Plaintiff and Ms. Holloway (Ms. Holloway was a party at the time Judge Cartwright referred the case on unanimous consent) consented on June 27, 2024, through their attorney at the time. Dkt. 23; Dkt. 70 at Exhibit A. Plaintiff's counsel withdrew on January 16, 2025, and Ms. Raiford is now proceeding *pro se*. Dkt. 49.

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the motion to recuse is that the judge made adverse rulings in the case where the party seeks disqualification of the judge. *Liteky v. U.S.,* 510 U.S. 540, 555 (1994); *In re Marshall,* 721 F.3d 1032 (9th Cir. 2013).

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge

ORDER ON RECUSAL - 2

before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455 reiterates the "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices, judges, and magistrate judges (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit." *Liteky,* 510 U.S. at 548 (emphasis in original).

Under both §144 and § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective test. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1992).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides:

> **(f) Motions to Recuse**
>
> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Courts have held that, generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show

ORDER ON RECUSAL - 3

reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555. Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Thus, Plaintiff would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455. *See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits).

Plaintiff and Ms. Holloway have failed to offer evidence of any extrajudicial source for the alleged bias. There are no allegations of any facts or instances showing a "deep-seated bias" that would make fair judgment impossible. Plaintiff and Ms. Holloway have made conclusory allegations, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted). A reasonable person with knowledge of all the facts would not conclude that the judge's impartiality might reasonably be questioned.

The Magistrate Judge firmly maintains she has done nothing that would create the appearance of bias and has no reason to be partial to one side or the other. It is important to acknowledge there are unique aspects to the current situation; Plaintiff is proceeding *pro se* and is visually impaired, and Ms. Holloway

ORDER ON RECUSAL - 4

has conveyed several times that she believes her daughter cannot litigate this case without her assistance because of mental and emotional stress.

Therefore, even though there is no showing the Magistrate Judge is biased or prejudiced against Plaintiff or Ms. Holloway, judicial efficiency may favor transferring the case to a District Judge. *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## CONCLUSION

In accordance with LCR 3(f), Plaintiff's motion for recusal of the Magistrate Judge shall be referred to the Chief Judge for a determination of its merits, and to consider whether Plaintiff did consent to the jurisdiction of the Magistrate Judge.

While the undersigned maintains Ms. Holloway has not demonstrated bias for the Magistrate Judge to recuse voluntarily, the undersigned does recognize the unique set of facts that have developed in this case that may warrant transferring the case to a District Judge for judicial economy.

Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge David Estudillo for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Estudillo's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be

considered and shall be dismissed as prematurely filed. The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 21st day of March, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON RECUSAL - 6