UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELENA RAIFORD,<br><br>      Plaintiff,<br> v.<br><br>OLYMPIA SCHOOL DISTRICT NO. 111,<br><br>      Defendant. | Case No. 3:23-cv-05661-TLF<br><br>ORDER REFERRING CASE TO PRO BONO COUNSEL AND RE-NOTING DEFENDANT'S MOTION TO DISMISS |

  The Court has reviewed the record in this case and defendant Olympia School District No. 111's pending motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). In an effort to determine whether plaintiff Angelena Raiford seeks to continue to prosecute her case and to determine whether Ms. Raiford can proceed *pro se* in this matter, the Court refers this case to the pro bono panel for a limited appointment of counsel.

  The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

  Because there is no right to counsel in a civil case, the court does not have authority to compel counsel to provide representation. *Mallard v. United States Dist.*

ORDER REFERRING CASE TO PRO BONO
COUNSEL AND RE-NOTING DEFENDANT'S MOTION
TO DISMISS - 1

*Court*, 490 U.S. 296, 298 (1989). Instead, the court may only "request" that counsel serve as pro bono counsel. 28 U.S.C. § 1915(e)(1); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that § 1915 only permits a court to "request" counsel, not to compel representation). The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether exceptional circumstances justify the appointment of pro bono counsel, the court considers "the likelihood of success on the merits and the ability of the petitioner to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

If the court determines that extraordinary circumstances warrant the appointment of counsel, it will direct the Pro Bono Coordinator to identify an attorney from the Pro Bono Panel who is willing to represent the party in accordance with the District's Pro Bono Plan. *See* General Order No. 07-23, Section 3(d) (Sept. 8, 2023). Only after a volunteer attorney is identified will the court issue an order appointing him or her to represent the party. *See id.*

Since January 2025, plaintiff has proceeded *pro se* in this matter. During a discovery call on January 30, 2025, the Court was informed that Ms. Raiford was unable to participate on the call. Her mother, Mylea Holloway[1], who was also on the call, indicated that Ms. Raiford was experiencing mental distress and could not communicate with the Court. Ms. Holloway requested to be Ms. Raiford's next friend. The Court

---

[1] Ms. Holloway was dismissed as a plaintiff in this case on December 9, 2024. Dkt. 41

ORDER REFERRING CASE TO PRO BONO
COUNSEL AND RE-NOTING DEFENDANT'S MOTION
TO DISMISS - 2

provided Ms. Holloway with instructions on how to properly move for next-friend status under Federal Rule of Civil Procedure 17. Dkt. 57. On March 6, 2025, Ms. Holloway filed a motion to appoint her as next friend for Ms. Raiford. Dkt. 67. The Court denied Ms. Holloway's motion without prejudice for failure to produce evidence that Ms. Raiford was currently unable to access the Court. Dkt. 85. The Court explained that the denial of the motion did not mean another motion for next friend or guardian ad litem would be precluded. *Id.* On July 17, 2025, the Court again informed Ms. Holloway that it would consider another next friend motion with more current medical documents for plaintiff and a declaration from plaintiff, herself.

The Court concludes that exceptional circumstances justify appointment of pro bono counsel for the limited purposes of: (1) determining whether Ms. Raiford seeks to pursue litigating the instant case; (2) if so, whether she can proceed *pro se* or if a next friend or guardian ad litem should be appointed on Ms. Raiford's behalf; and (3) to respond to defendant's motion to dismiss. The Court instructs the Clerk to re-note defendant's motion to dismiss to September 29, 2025, to provide the Court with sufficient time to locate an attorney.

This Order is contingent on this District's Pro Bono Panel's ability to find an attorney willing to represent Ms. Raiford. The Court cannot determine whether Ms. Raiford is likely to succeed on the merits of her claims; the Court notes, however, the difficulty in communicating with plaintiff over the last several months coupled with the questions raised relating to plaintiff's mental health and whether she wishes to pursue this case *pro se*, weigh in favor of seeking pro bono counsel for Ms. Raiford, even for a limited scope. If an attorney is located, the attorney is not precluded from continuing to

work on the instant case beyond the limited scope explained in this Order. Whether Ms. Raiford accepts representation by a pro bono counsel, and the scope of counsel's engagement, will be between Ms. Raiford and the attorney.

The Court cannot guarantee whether any such attorney will be located, so this Order does not necessarily mean an attorney will eventually be appointed. Ms. Raiford is advised that the Court cannot force any attorney to take this case, and perhaps a pro bono attorney will not be found, and that Ms. Raiford will remain unrepresented. If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by a minute entry for the electronic docket, stating that the inquiry did not succeed. The Court will then proceed with reviewing defendant's motion to dismiss.

Plaintiff Raiford is hereby advised that if she does not appear for hearings on the record or file documents in the case, and thereby prosecute her case, her case may be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Dated this 28th day of August, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge