THE HONORABLE MAGISTRATE THERESA L. FRICKE

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

ANGELENA RAIFORD,

                Plaintiff,

    v.

OLYMPIA SCHOOL DISTRICT NO. 111,

                Defendant.

Case No.  3:23-cv-05661-TLF

ATTORNEY FOR PLAINTIFF ANGELENA RAIFORD, JANELLE ELYSEE'S, MOTION TO BE EXCUSED FROM PRO BONO APPOINTMENT AND TO RENOTE PENDING MOTION TO DISMISS

Noted for Motion: October 15, 2025[1]

## I.    Introduction and Relief Requested

Counsel for Plaintiff Angelena Raiford, Janelle Elysee, requests to be excused from her pro bono appointment, Dkt. 91, because of a breakdown in communication between Janelle Elysee and Angelena Raiford.

---

[1] The noting date is set for October 14, 2025 since Defendant does not oppose the request to withdraw, only the request for extension of time.

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS -1
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

Undersigned counsel moved with great expediency to contact Plaintiff Angelena Raiford (hereinafter, "Plaintiff" or "Ms. Raiford"). Notwithstanding the numerous emails – with the text formatted to accommodate her visual limitations – and telephone calls with Ms. Raiford's mother, My Lea Holloway (hereinafter, "Ms. Holloway"), Ms. Raiford remains radio silent. Undersigned counsel cannot continue to appear on behalf of Ms. Raiford without violating Rule of Professional Conduct 1.4(a), which obligates attorneys to maintain communication with the client. Therefore, undersigned counsel requests that the Court excuses the pro bono appointment, pursuant to Rule of Professional Conduct 1.16(a)(1) and re-note the pending motion to dismiss to 14-days after the entry of the order ruling on this motion.[2]

## II.     Background / Statement of Facts

Plaintiff, through counsel, filed her complaint against Defendant Olympia School District No. 111 (hereinafter, "OSD" or "Defendant") on July 21, 2023. Dkt. 1. Plaintiff alleges that OSD violated the Individuals with Disabilities Education Act ("IDEA") and discriminated against her on the basis of her disabilities in violation of the Americans with Disabilities Act ("ADA"). *Id.* Ms. Raiford's mother, Ms. Holloway, was a co-plaintiff in this case, but was dismissed on December 9, 2024. Dkt. 41. On January 16, 2025, the Court granted Ms. Raiford's counsel's motion to withdraw as counsel. Since January 2025, plaintiff has proceeded *pro se* in this matter. Dkt. 49.

During a discovery call on January 30, 2025, the Court was informed that Ms. Raiford was unable to participate on the call. Dkt. 91 at 2. Ms. Holloway, who was also on the call, indicated that Ms. Raiford was experiencing mental distress and could not communicate with

---

[2] Defendant Olympia School District No. 111 does not oppose the relief to withdraw as counsel, however, it does oppose to re-noting the pending motion to dismiss.

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 2
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

the Court. *Id.* Ms. Holloway requested to be Ms. Raiford's next friend, which the Court instructed her on how to do under Federal Rule of Civil Procedure 17. Dkts. 57, 91 at 3. On March 6, 2025, Ms. Holloway brought a motion to be appointed next friend for her daughter, Ms. Raiford, under Federal Rule of Civil Procedure 17. Dkt. 67. The Court denied Ms. Holloway's motion without prejudice for failure to produce evidence that Ms. Raiford was currently unable to access the Court. Dkt. 85. The Court explained that the denial of the motion did not mean another motion for next friend or guardian ad litem would be precluded. *Id.* During a status conference on July 17, 2025, the Court again informed Ms. Holloway that it would consider another next friend motion with more current medical documents for plaintiff and a declaration from plaintiff, herself. Dkt. 91 at 3.

On July 30, 2025, OSD moved to dismiss the case for failure to prosecute. Dkt. 90. After reviewing the motion and the entire record, the Court *sua sponte* referred this case to the Pro Bono Panel for a limited scope: (1) determine whether Ms. Raiford seeks to continue litigating the instant case; (2) if Ms. Raiford intends to keep litigating, determine whether she can proceed *pro se* or if a next friend or guardian ad litem should be appointed on her behalf; and (3) respond to Defendant's motion to dismiss for failure to prosecute. Dkt. 91 at 3. The Court based its decision to refer the matter to the Pro Bono Panel because of the "difficulty in communicating with Plaintiff over the last several months coupled with the questions raised relating to Plaintiff's mental health and whether she wishes to pursue this case *pro se.*" *Id.* at 3.

The Court appointed undersigned counsel as pro bono counsel on September 10, 2025 and required a notice of appearance to be entered by September 16, 2025. Dkt. 92. Undersigned counsel's efforts to establish contact with Ms. Raiford began immediately and were made with

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 3
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

knowledge of the difficulties previously noted by the Court and were designed to accommodate Ms. Raiford's visual impairments.[3]

*Efforts to Contact Ms. Raiford*

- September 12, 2025: Undersigned counsel emailed Ms. Raiford explaining the pro bono counsel appointment and included the Order of Appointment (Dkt. 92), wherein the scope of representation and pending motion to dismiss were noted.  The email was custom-formatted to Ms. Raiford's previously testified reading needs and included the Order of Appointment as an attachment. The email also requested a delivery receipt and an open receipt, which should have been automatically generated by Ms. Raiford's email server. Undersigned counsel received a notification providing that delivery was complete but no read receipt.

- September 15, 2025: Undersigned counsel followed up on the initial email to Ms. Raiford and called a telephone number that was represented to belong to Ms. Raiford.  *See* Dkt. 48. The call went to voicemail; however, the voicemail message indicated that the number belonged to Ms. Raiford's mother, Ms. Holloway.  Later that day, Ms. Holloway returned the call. During a 24-minute call, undersigned counsel explained the pro bono counsel appointment and the pending motion to dismiss could result in the permanent dismissal of the case. Ms. Holloway indicated she and Ms. Raiford would call undersigned counsel the following day.

- September 16, 2025: Neither Ms. Raiford nor Ms. Holloway called undersigned as promised. Undersigned counsel nevertheless entered a Notice of Appearance to comply

---

[3] Both the Complaint and testimony by Ms. Raiford indicate that she is able to read text if it is provided in 32 pt font.

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 4
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

with the Court's deadline, wherein she advised the Court that no contact with Ms. Raiford had been established.  Dkt. 93.

- September 17, 2025: Undersigned counsel contacted Ms. Raiford again via a custom-formatted email.

- September 18, 2025: Undersigned counsel received a message from Ms. Holloway indicating Ms. Raiford was at work on September 18th, but would call undersigned counsel on September 19, 2025.

- September 19, 2025: Ms. Raiford did not telephone undersigned counsel. At around 1:30 pm P.T., undersigned counsel messaged Ms. Holloway to determine whether Ms. Raiford still intended to call. Ms. Holloway responded several hours later, and explained Ms. Raiford was at work and would be available after 7:30 PM. Undersigned counsel, in an attempt to accommodate, offered to speak with Ms. Raiford over the upcoming weekend, but received no response.

- September 22, 2025: Undersigned Counsel emailed Ms. Raiford, with Ms. Holloway copied, establishing a deadline of Friday, September 26, 2025 to contact undersigned counsel.  The custom-formatted email informed Ms. Raiford that undersigned counsel would need to seek Court intervention if she does not timely respond.

- September 23, 2025: Undersigned counsel contacted Ms. Holloway but received no response.

- September 24, 2025: Undersigned counsel emailed Ms. Raiford again and left a voicemail with Ms. Holloway asking for assistance in contacting Ms. Raiford. Undersigned counsel also requested assistance from internal firm resources to discover alternative physical and

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 5
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

electronic contact information for Ms. Raiford.  However, no new contact information was revealed.

- September 25, 2025: Ms. Holloway messaged undersigned counsel, stating that she and Ms. Raiford were traveling and would try to call when they had "some time away from family." Undersigned counsel immediately responded to Ms. Holloway, re-explaining the critical nature of the motion to dismiss, providing that counsel could not represent Ms. Raiford until direct communication was established, and reiterating the September 26th deadline for Ms. Raiford to respond.

- September 29, 2025: Undersigned counsel contacted former counsel, Ms. Marianne Jones, who advised that she had only ever communicated with Ms. Raiford through Ms. Holloway. Later that day, undersigned counsel called Ms. Holloway, but the call went straight to voicemail, and a message was left.   Defendant advised undersigned counsel that it was opposed to any additional extension of time to respond to the motion to dismiss.

At no point was undersigned counsel ever able to successfully communicate with Ms. Raiford about the merits or the status of her case since being appointed as pro bono counsel.

### III.    Legal Standard

Undersigned counsel must withdraw from this pro bono appointment because the complete absence of communication from Ms. Raiford makes continued representation impossible without violating the Washington Rules of Professional Conduct ("RPC"). Withdrawal is therefore mandatory under RPC 1.16(a)(1). In the alternative, Ms. Raiford's failure to engage with counsel has rendered the representation unreasonably difficult, justifying permissive withdrawal under RPC 1.16(b). Balancing the relevant factors, the Court should grant this motion to relieve undersigned counsel from her appointment.

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 6
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

**A. Withdrawal is Mandatory Because a Complete Communication Breakdown Prevents Counsel From Fulfilling Her Ethical Duties Under RPC 1.4.**

A lawyer "shall... withdraw from the representation of a client if... the representation will result in violation of the Rules of Professional Conduct". RPC 1.16(a)(1). Continued representation of Ms. Raiford would force undersigned counsel to violate the fundamental duty of communication enshrined in RPC 1.4. RPC 1.4 obligates a lawyer to "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests for information." More fundamentally, a lawyer must "reasonably consult with the client about the means by which the client's objectives are to be accomplished." *Id*. The complete radio silence from Ms. Raiford—despite numerous, documented, and specially accommodated attempts by undersigned counsel to establish contact—makes it impossible to fulfill these duties.

The Court appointed undersigned counsel for the express purpose of determining Ms. Raiford's wishes regarding this litigation and responding to a dispositive motion. Dkts. 91, 92. Without direct communication, undersigned counsel cannot ascertain Ms. Raiford's objectives, keep her informed on the status of the critical motion to dismiss, or explain matters "to the extent reasonably necessary to permit the client to make informed decisions." RPC 1.4(b). Every attempt to engage Ms. Raiford has been met with silence, mediated only by unfulfilled promises from her mother. This is not a mere "breakdown of communication"; it is a total absence of it.

Because counsel cannot fulfill the core duties of RPC 1.4, any further attempts at representation would violate the Rules of Professional Conduct, making withdrawal mandatory under RPC 1.16(a)(1). As the comments to the rules state, a "lawyer's statement that

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 7
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

professional considerations require termination of the representation ordinarily should be accepted as sufficient." RPC 1.16 cmt. 3.

**B. Even if Withdrawal Were Not Mandatory, It Is Permissible Under the Circumstances.**

Even if withdrawal is not required, it is warranted. A lawyer may withdraw if representation "has been rendered unreasonably difficult by the client" or if the client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." RPC 1.16(b)(5), (6). Both conditions are met here.

First, Ms. Raiford's complete failure to respond to any communication has rendered this limited-scope representation unreasonably difficult. The core of the appointment is to communicate with Ms. Raiford, an objective her silence has made impossible.  Second, a client has an obligation to cooperate with her attorney. *See generally* RPC 1.16(b).  Ms. Raiford has failed to fulfill this obligation by refusing to communicate with appointed counsel. Undersigned counsel gave Ms. Raiford reasonable warning of the consequences, stating in the September 22 email and to her mother that undersigned counsel would have to seek Court intervention if she did not respond by September 26, 2025. She did not respond. Her failure to fulfill her basic obligation to communicate justifies permissive withdrawal.

**C**. **The Factors Guiding a Motion to Withdraw Weigh in Favor of Granting the Motion.**

When evaluating a motion to withdraw, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 8
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

the resolution of the case." *Ewalan v. Wash. State Dep't of Corr.*, No. C20-5678JLR, 2023 WL 4054647, at *3 (W.D. Wash. June 8, 2023) (quoting *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014)). Here, all factors support granting the motion.

The reason for withdrawal is compelling: an ethical mandate to withdraw due to a complete inability to communicate with the client, which prevents undersigned counsel from performing the very tasks for which she was appointed. As this Court has previously recognized, where a breakdown in communication renders counsel unable to "effectively represent" a client, withdrawal is appropriate. *See Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2022 WL 6803015, at *4 (W.D. Wash. Sept. 2, 2022).  There is no prejudice to other litigants as Defendant has agreed to the withdrawal.  Likewise, withdrawal will not harm the administration of justice or cause undue delay. Rather than causing harm, permitting withdrawal clarifies the procedural posture of the case. The matter is currently at a standstill because contact with Ms. Raiford, the necessary prerequisite for undersigned counsel to act, cannot be established. Undersigned counsel's continued appearance on the docket creates a procedural fiction that Ms. Raiford is actively represented and ready to proceed when, in reality, undersigned counsel cannot take any substantive steps. Relieving undersigned counsel from this appointment does not create delay but instead resolves this fiction and provides the Court with a clear record on which to manage its docket.

D. **Re-Noting the Pending Motion to Dismiss**

While undersigned counsel must withdraw, undersigned counsel respectfully requests that the Court exercise its discretion and grant Ms. Raiford a final, brief extension of 14 days to respond to Defendant's pending motion to dismiss. This limited extension is warranted when

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 9
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

balancing the competing interests and is consistent with the Court's inherent power to control its docket in the interest of justice.

In deciding whether to grant a delay, courts weigh the potential damage against the hardship a party may suffer if required to go forward. Here, the balance of hardships overwhelmingly favors a brief extension. The potential harm to Ms. Raiford is the complete dismissal of her case and the loss of her opportunity to litigate her entitlement to a free and appropriate public education under IDEA. This is a severe and final hardship. In contrast, the possible damage to the Defendant is extremely limited: a 14-day delay in the resolution of its motion.

The Court appointed pro bono counsel precisely because it was unclear whether Ms. Raiford intends to litigate this case, and this final period would provide her one clear, final opportunity to address the Court directly now that the status of her representation is resolved. This approach aligns with the principle that the local rules should be interpreted to "promote the just... determination of every action." LCR 1(a). This brief extension would therefore balance the court's need for efficiency with the profound interest in providing a litigant a final opportunity to be heard.

### IV.    Certification of Compliance with Local Rule 83.2

Undersigned counsel has complied with the procedural requirements for withdrawal set forth in Local Civil Rule 83.2(b)(1). Pursuant to these requirements, undersigned counsel certifies that this motion has been served on opposing counsel via the Court's CM/ECF system and on Ms. Angelena Raiford. Service was effectuated on Ms. Raiford by sending a copy of this motion to her last known email address, which has been the primary mode of attempted contact, and by sending a physical copy via U.S. Mail to her last known physical address on record with

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 10
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

the Court.

Furthermore, as this withdrawal will leave Ms. Raiford proceeding *pro se*, her last known mailing address on record with the court and email address are the same as what was provided by the Court to undersigned counsel. Therefore, counsel has satisfied the procedural requirements for withdrawal.

**V.    Conclusion**

For the foregoing reasons, undersigned counsel respectfully requests relief from the pro bono appointment and the brief 14-day extension for Ms. Raiford to respond to the pending motion to dismiss.

Dated: October 1, 2025                            Respectfully submitted,

*I certify that this memorandum contains 2682 words, in compliance with the Local Civil Rules.*

/s/ Janelle Elysee
Janelle Elysee
WA State Bar #61176
Bracewell LLP
701 5th Avenue, Suite 6850
Seattle, WA 98104
janelle.elysee@bracewell.com
Telephone: (206) 204-6200
Facsimile: (800) 404-3970

*Attorney for Plaintiff*

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 11
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notifications.

Dated: October 1, 2025

By: /s/ *Janelle Elysee*
Janelle Elysee, State Bar No. 61176

MOTION TO BE EXCUSED FROM PRO BONO
APPOINTMENT AND TO RENOTE PENDING MOTION
TO DISMISS - 12
No. 3:23-cv-05661-TLF

**Bracewell LLP**
701 Fifth Ave., Suite 6850
Seattle, Washington 98104-7043
Phone 206.204.6200 Fax 800.404.3970