UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELENA RAIFORD,<br><br>                Plaintiff,<br>v.<br><br>OLYMPIA SCHOOL DISTRICT NO. 111,<br><br>                Defendant. | Case No. 3:23-cv-05661-TLF<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 90) AND GRANTING MOTION TO WITHDRAW ATTORNEY (DKT. 94) |

This matter comes before the Court on Defendant Olympia School District No. 111's ("OSD") motion to dismiss for lack of prosecution. Dkt. 90. For the reasons explained below, the Court GRANTS OSD's motion and dismisses plaintiff Angelena Raiford's case without prejudice.

The Court further GRANTS Janelle Elysee's motion to withdraw as counsel for plaintiff. Dkt. 94. Ms. Elysee complied with the requirements under Local Civil Rule 83.2, and OSD did not object to her request to withdraw as counsel. Dkt. 95.

## BACKGROUND

Ms. Raiford filed her complaint against OSD on July 23, 2023. Dkt. 1. At the time Ms. Raiford initiated her case, her mother, My Lea Holloway, was also a plaintiff. *Id.* Ms. Raiford and Ms. Holloway were represented by counsel at the time.

The complaint alleges that OSD violated the Individuals with Disabilities Education Act ("IDEA") by denying Ms. Raiford a free, appropriate public education; she

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 90) AND GRANTING MOTION TO WITHDRAW ATTORNEY (DKT. 94) - 1

1  asserts OSD failed to provide Ms. Raiford with instruction in reading and writing in
2  Braille, failed to adequately implement orientation and mobility services, and failed to
3  provide Ms. Raiford with adequate counseling/mental health/psychological services.
4  Dkt. 1 at ¶40-49. Ms. Raiford also alleges, under 42 U.S.C. §1983, and to the extent
5  that certain federal statutes have a private right of action, or the statutes allow plaintiff to
6  sue directly under the statute, that OSD failed to reasonably accommodate her and
7  discriminated against her on the basis of her disabilities in violation of the Americans
8  with Disability Act ("ADA"), Section 504 of the Rehabilitation Act, Fourteenth
9  Amendment of the Constitution and Title VI of the Civil Rights Act. *Id.* ¶50-69. At the
10 time plaintiff initiated this case in 2023, she was over the age of 18 years old.

11      Ms. Holloway brought a claim for loss of consortium as her "only action against
12 OSD." *Id.* ¶70-72.

13      On December 9, 2024, the Court granted OSD's motion to dismiss Ms.
14 Holloway's loss of consortium claim and as a party to this action for failing to meet RCW
15 4.96.010's condition precedent. Dkt. 41. Ms. Raiford was the sole plaintiff in the case.

16      On January 15, 2025, Ms. Raiford's counsel withdrew from the case leaving Ms.
17 Raiford to proceed *pro se*. Dkt. 48, 49.

18      Thereafter, the Court held a discovery call at the request of the parties on
19 January 30, 2025. Dkt. 54. It was during the discovery call that the Court was informed
20 that Ms. Raiford was unable to participate on the call. Dkt. 55. My Lea Holloway, who
21 was also on the call, indicated that Ms. Raiford was experiencing mental distress and
22 could not communicate with the Court. Ms. Holloway requested to be Ms. Raiford's next
23 friend. The Court issued an Order on February 4, 2025, detailing how plaintiff or her
24
25 ORDER GRANTING DEFENDANT'S MOTION TO
   DISMISS (DKT. 90) AND GRANTING MOTION TO
   WITHDRAW ATTORNEY (DKT. 94) - 2

mother could properly present to the Court a request that Ms. Holloway be appointed her daughter's next friend or guardian ad litem under Federal Rule of Civil Procedure 17. Dkt. 57.

The Court informed the parties that for Ms. Holloway to have standing to act as "next friend" to her daughter, she would have to show: (1) Ms. Raiford is unable to litigate her own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) Ms. Holloway has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). At the time of the discovery call, there was not a proper motion before the Court. Because there was an indication that a Rule 17 motion was going to be filed, the Court struck the case scheduling order and ordered the parties to meet and confer regarding a date they will be able to participate in a status conference. Dkt. 57.

The Court scheduled a Zoom status conference of March 6, 2025. Dkt. 61. The Court did not proceed with the status conference after plaintiff failed to appear for the hearing. Dkt. 62.

On March 6, 2025, Ms. Holloway made a motion to "remove the Magistrate Judge," a motion to withdraw Ms. Raiford's consent to proceed before a Magistrate Judge, and a motion for reconsideration on the Court's Order dismissing Ms. Holloway as a plaintiff. Dkt. 64. Ms. Holloway separately also made a motion to appoint her as next friend for her daughter. Dkt. 67. Because Ms. Holloway was challenging the impartiality of Judge Fricke, the presiding Judge, the Court issued a temporary stay in the case and instructed the parties not to file any further motions until Ms. Holloway's

recusal motion was addressed. After the undersigned reviewed the motion and declined to recuse, the motion was referred to Chief Judge David Estudillo. Dkt. 64. Chief Judge Estudillo found that Ms. Holloway did not identify any facts related to Judge Fricke's conduct in this case that would call her impartiality into question[1].

The Court lifted the stay and addressed Ms. Holloway's motion for reconsideration and motion to appoint her as next friend. Dkts. 84, 85. With respect to the motion to reconsider the Court's order dismissing Ms. Holloway as a plaintiff, the Court denied Ms. Holloway's motion as untimely under Local Civil Rule 7(h), and because Ms. Holloway did not show that there was a manifest error, injustice, or new facts or legal authority that could not have been brought to the attention of the Court earlier. Dkt. 84.

In Ms. Holloway's motion to be appointed Ms. Raiford's next friend pursuant to Federal Rule of Civil Procedure 17, she stated her daughter, Ms. Raiford, is "unable to represent herself due to her significant visual impairment and limited understanding of the proceedings." Dkt. 67 at 1. The Court denied Ms. Holloway's motion without prejudice because none of the medical records or educational evaluations submitted by Ms. Holloway demonstrated Ms. Raiford's current physical and mental state, and there was no indication whether plaintiff was incompetent or unable to access the Court at the time the motion was filed. There was also no declaration from Ms. Raiford herself describing her physical and mental conditions or presenting facts to support Ms. Holloway's motion to be appointed her next friend. Dkt. 85. In the same Order, the Court

---

[1] Chief Judge Estudillo also ordered that if any party sought to revoke consent to the jurisdiction of the Magistrate Judge, such a motion would need to be filed and directed to District Judge Tiffany Cartwright. Dkt. 82 at 3-4. To date, neither party has filed a motion to revoke consent.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. 90) AND GRANTING MOTION TO
WITHDRAW ATTORNEY (DKT. 94) - 4

1  informed Ms. Raiford that she could request pro bono counsel to represent her at no
2  cost, and the Court would be in touch with plaintiff and OSD to schedule a Zoom status
3  conference to discuss next steps, including whether plaintiff would be willing to consider
4  requesting a pro bono attorney to be appointed to represent her.
5      The Clerk emailed the parties on May 1, 2025, and May 14, 2025, to coordinate a
6  date and time for the Zoom status hearing following the Court's April 21, 2025, Order.
7  Dkt. 86. Plaintiff did not respond to the emails. The Court therefore set the hearing on
8  June 12, 2025, based on OSD's availability.
9      The Court struck the hearing on Jule 11, 2025. Dkt. 87. After requesting new
10 dates and times from the parties on June 18, 2025, and not receiving a response from
11 plaintiff, the Clerk rescheduled the status conference for July 17, 2025. Dkt. 88. Ms.
12 Raiford was not present for the July 17, 2025, conference. Rather, Ms. Holloway
13 appeared in her place. Defense counsel asked the Court whether it would consider an
14 oral motion to dismiss under Federal Rule of Civil Procedure 41(b); the Court instructed
15 OSD to file a motion on the docket. After hearing concerns raised by Ms. Holloway, the
16 Court informed her that it would consider another motion for Ms. Holloway to be
17 appointed next friend if current medical documents for plaintiff and a declaration from
18 plaintiff herself were submitted. The Court declined to discuss the case further because
19 plaintiff was not on the Zoom hearing. Dkt. 89.
20     OSD filed their motion to dismiss for failure to prosecute on July 30, 2025. Dkt.
21 90. After not receiving a response to the motion from plaintiff, the Court sua sponte
22 appointed plaintiff counsel for the limited purposes of: (1) determining whether Ms.
23 Raiford seeks to pursue litigating the instant case; (2) if so, whether she can proceed
24
25 ORDER GRANTING DEFENDANT'S MOTION TO
   DISMISS (DKT. 90) AND GRANTING MOTION TO
   WITHDRAW ATTORNEY (DKT. 94) - 5

pro se or if a next friend or guardian ad litem should be appointed on Ms. Raiford's behalf; and (3) to respond to defendant's motion to dismiss, which the Court re-noted to September 29, 2025. Dkt. 91.

Attorney Janell Elysee was appointed as counsel for Ms. Raiford on September 10, 2025. Dkt. 92. Shortly thereafter, Ms. Elysee moved to withdraw from her appointment after having difficulty communicating with plaintiff despite several attempts. In Ms. Elysee's motion, she also requested that the Court re-note OSD's motion to dismiss again to provide plaintiff with an opportunity to respond *pro se*. The Court re-noted OSD's motion to dismiss to October 22, 2025. Dkt. 96. Plaintiff did not file a response to the motion to dismiss.

OSD's motion is now ripe for consideration.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) states in relevant part: If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Before granting a Rule 41(b) motion to dismiss for failure to prosecute, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (cleaned up). "Although it is preferred,

it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### A. Interest in Expeditious Resolution of Litigation

The first factor the Court considers is "the public's interest in expeditious resolution of litigation." *Pagtalunan*, 291 F.3d at 642. Plaintiff has neither filed a document on the docket nor appeared for a scheduled Court hearing since January 2025. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Considering the substantial time that has passed since plaintiff has indicated a willingness to continue litigating her case, this factor weighs in favor of dismissal.

### B. Court's Need to Manage Its Docket

The second factor the Court considers is "the court's need to manage its docket." *Pagtalunan*, 291 F.3d at 642. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management." *Id.; see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Since January 2025, Ms. Raiford has neither appeared for any of the scheduled status conferences nor indicated a willingness to continue litigating her case through filings on the docket. The Court has struck the scheduling order, rescheduled status conferences, provided guidance on what documents need to be submitted for the Court to reconsider a motion to appoint Ms. Raiford a next friend or guardian ad litem,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 90) AND GRANTING MOTION TO WITHDRAW ATTORNEY (DKT. 94) - 7

appointed pro bono counsel to help plaintiff navigate the next steps of the case, and has re-noted OSD's motion to dismiss twice in order to provide plaintiff with sufficient opportunities to litigate her case.

Considering it has been several months since the Court has heard from plaintiff herself, and as a result, the case has been unable to move forward, this factor weighs in favor of dismissal.

C. Risk of Prejudice to Defendant

The third factor the Court considers is "the risk of prejudice to defendants/respondents." *Pagtalunan*, 291 F.3d at 642. "Unreasonable delay is the foundation upon which a court may presume prejudice." *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000); *see also In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (citing *Anderson*, 542 F.2d at 524). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *In re Eisen*, 31 F.3d at 1452–53 (quoting *Anderson*, 542 F.2d at 524).

Therefore "where a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice. If he does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse. At that point, the court must exercise its discretion by weighing the relevant factors—time, excuse, and prejudice." *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1281 (9th Cir. 1980); *see also In re Eisen*, 31 F.3d at 1453; *Yourish*, 191 F.3d at 991 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. 90) AND GRANTING MOTION TO
WITHDRAW ATTORNEY (DKT. 94) - 8

Here, the Court finds plaintiff's failure to indicate a willingness to continue litigating her case over the last ten-months was unreasonable. Plaintiff herself has not proffered a reason for this delay either. Accordingly, the risk of prejudice to OSD weighs in favor of dismissal.

D.  Less Drastic Alternatives

The availability-of-alternatives factor also weighs against dismissal. This factor generally supports dismissal if the district court "explicitly discuss[ed] the feasibility of less drastic sanctions and explain[ed] why alternative sanctions would be inadequate," implemented lesser sanctions before dismissing the lawsuit, or warned plaintiffs beforehand of the possibility of dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987); *accord Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).

After OSD filed their motion to dismiss for failure to prosecute, the Court entered an Order referring the case to the pro bono panel to locate counsel for Ms. Raiford on August 28, 2025. Dkt. 91. In that Order, the Court informed Ms. Raiford that the Court could not guarantee an attorney will be located, and if one is not located, Ms. Raiford would continue to proceed *pro se* and the Court would then proceed with the pending motion to dismiss. The Court further warned Ms. Raiford that if she proceeds *pro se* and she did not appear for hearings on record or file documents in the case, her case may be dismissed for failure to prosecute. Dkt. 91. *See Luna Distrib. LLC v. Stoli Grp. USA LLC*, 835 F. App'x 224, 226 (9th Cir. 2020) (observing that the fifth factor—namely, "the availability of less drastic alternatives"—"generally supports dismissal if the district court ... warned [the] plaintiff[ ] beforehand of the possibility of dismissal.).

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. 90) AND GRANTING MOTION TO
WITHDRAW ATTORNEY (DKT. 94) - 9

At this juncture, less drastic alternatives are not apparent. A dismissal with prejudice would be more onerous, and the Court finds a less drastic alternative would be dismissal without prejudice. Accordingly, this factor also weighs in favor of dismissal.

### E. Public Policy Favoring Disposition on the Merits

The fifth and final factor the Court considers is "the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642. While the public policy "favoring disposition of cases on their merits strongly counsels against dismissal," "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

As discussed above, this case has been delayed by plaintiff's not appearing for scheduled status conferences, not responding to the pending motion to dismiss, and not responding to outreach from a court-appointed attorney. Given the uncertainty with respect to plaintiff's abiity or interest in representing herself, the Court considers this factor neutral.

On balance, the cumulative weight of the *Pagtalunan* factors favors dismissal. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where district court found three of the five factors weighed in favor of dismissal). Although plaintiff is proceeding *pro se*, "[f]ederal courts, including the Ninth Circuit, recognize the important goals served by lenient treatment of pro se litigants must necessarily yield to prejudice suffered by the courts and other parties." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004). *See also Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (district court did

1  not abuse its discretion in dismissing a pro se plaintiff's case following plaintiff's failure
2  to comply with the filing deadline of his second amended complaint because the court
3  provided extensive guidance, gave Plaintiff two opportunities to amend his complaint,
4  and the case had dragged on for over a year and a half, consuming large amounts of
5  the court's valuable time that it could have devoted to other major and serious criminal
6  and civil cases on its docket).

7     Accordingly, the Court GRANTS OSD's motion to dismiss and dismisses this
8  case without prejudice.

10     Dated this 12th day of November, 2025.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. 90) AND GRANTING MOTION TO
WITHDRAW ATTORNEY (DKT. 94) - 11